UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT CHATTANOOGA

JANUARI WILLIAMS, )
 )
    *Petitioner*, )
v. ) No. 1:10-cv-137
 ) *Chief Judge Curtis L. Collier*
WARDEN JEWEL STEELE, )
 )
    *Respondent*. )

## **MEMORANDUM**

This is a petition for the writ of habeas corpus brought pursuant to 28 U.S.C. § 2254 by Januari Williams ("Williams") [Court File No. 2]. Williams seeks review of her 2006 state conviction for one count of second degree murder from the Criminal Court of Hamilton County, in Chattanooga, Tennessee. Presently before the Court is Respondent's motion to dismiss Petitioner's § 2254 petition as time-barred [Court File No. 5] which Petitioner opposes [Court File No. 10]. After reviewing the record and the applicable law, the Court concludes that Petitioner's § 2254 petition is time-barred and will be **DISMISSED** [Court File No. 2].

**I.**     **One-Year Statute of Limitations**

Pursuant to the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), which became effective on April 24, 1996, there is a one-year statute of limitation for filing a § 2254 petition. 28 U.S.C. § 2244(d)(1) and (2) provide, in pertinent part:

> A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of—
>
> > (A)     the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

> (2)   The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

The record reflects Petitioner pleaded guilty to one count of second degree murder on October 26, 2006, and a twenty-year sentence was imposed [Court File No. 6]. Petitioner did not pursue a direct appeal. Thus, her state court conviction became final on November 27, 2006, upon expiration of the 30-day time period during which she could have filed a direct appeal to the Tennessee Court of Criminals Appeals. *See* Tenn.R.App.P. 4(a); 28 U.S.C. § 2244(d)(1). At this point, Petitioner's conviction became final for purposes of 28 U.S.C. § 2244(d)(1), and the federal habeas one-year statute of limitations began to run. *Bronaugh v. Ohio*, 235 F.3d 280, 282-83 (6th Cir. 2000) (The one year statute of limitations begins to run from the "date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review").

Petitioner had one year from the date her conviction became final in which to file her federal habeas petition. 28 U.S.C. § 2244(d)(1)(A). Instead of filing her federal habeas petition by November 27, 2007, as required by the statute of limitation, or filing a state post conviction or collateral state petition to toll the federal one-year statute of limitations, Petitioner did nothing until she filed a state post-conviction petition on June 5, 2008, more than six months after the expiration of the one-year federal habeas statute of limitations. The state trial court dismissed the petition as untimely [Court File No. 6-1, at 33-35]. On appeal, the Tennessee Court of Criminal Appeals affirmed the dismissal of the petition as untimely:

> The petitioner pled guilty and was sentenced on October 26, 2006, and her judgment of conviction became final thirty days later. She filed her post-conviction petition on June 5, 2008, well beyond the one-year statute of limitations. Moreover, the

> petition does not assert that her claims fall within the exceptions set forth in Tenn. Code Ann. § 40-30-102(b) or that due process requires the tolling of the statute. Accordingly, we affirm the judgement of the post-conviction court.

*Williams v. State,* No. E2008-02704-CCA-R3-PC, 2009 WL 1704508, at *2 (Tenn.Crim.App. June 18, 2009) (Court File No. 6-2, at 3). Petitioner did not file an application for permission to appeal to the Tennessee Supreme Court. Petitioner filed this *pro se* federal petition for a writ of habeas corpus on May 6, 2010.[1]

A state post-conviction petition filed after the one-year AEDPA statute of limitations expires cannot toll the statute of limitations because there is then no time left to toll. *See Curtiss v. Mount Pleasant Correctional Facility*, 338 F.3d 851, 853-55 (8th Cir.) ("Because the deadline for filing Curtiss's federal petition passed on April 13, 2000, his later filing for post-conviction relief in state court cannot act to toll the federal statute of limitations"), *cert. denied*, 540 U.S. 1060 (2003); *Webster v. Moore,* 199 F.3d 1256 (11 th Cir.)("A state-court petition ... that is filed following the expiration of the limitations period cannot toll [the one-year] period because there is no period remaining to be tolled"), *cert. denied*, 531 U.S. 991 (2000). Petitioner did not file a state post-conviction petition or other application for collateral review until June 5, 2008, after the expiration of the one-year period of limitations for filing a § 2254 petition

Although "[t]he one-year period of limitations is tolled by the amount of time that a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending in state court[,]" *Jurado v. Burt*, 337 F.3d 638, 640 (2003), Petitioner

---

[1] The instant habeas petition reflects Petitioner gave it to prison authorities for mailing on May 6, 2010. A motion filed by a prisoner is deemed filed when given to the prison authorities for mailing. *In re Sims*, 111 F.3d 45, 47 (6th Cir. 1997) (citing *Houston v. Lack*, 487 U.S. 266, 270-71 (1988)).

does not receive the benefit of this rule as she did not file a state post-conviction petition or other application for collateral review before the one-year statute of limitations for filing a habeas petition in federal court had expired. When Petitioner filed her state petition on June 5, 2008, the statute of limitations for filing a federal habeas petition had already expired; it expired on November 27, 2007. Petitioner filed a state petition for post-conviction relief approximately seven months after the one-year statute of limitations for filing a federal habeas petition had expired. Thus, the filing of the state case did not act to toll the federal habeas statute of limitations and when Petitioner filed the instant petition on May 10, 2010, it was almost three years after the one-year statute of limitations for filing a federal habeas petition expired.

Under certain circumstances, equitable tolling is applicable to excuse a petitioner's untimely filing of his federal habeas petition. Generally, to be entitled to equitable tolling, a petitioner must demonstrate she has been diligently pursuing her rights and that some extraordinary circumstance prevented her from timely filing her federal habeas petition. *Lawrence v. Florida*, 549 U.S. 327, 336 (2007). In her original federal habeas petition, Petitioner did not contend, nor does the record reflect there are any circumstances which warrant the application of equitable tolling principles. In response to Respondent's motion to dismiss, however, Petitioner asserts habeas corpus has no statutory limitations and alternatively argues, citing *Holland v. Florida*, that the one-year statute of limitations should be equitably tolled.

Petitioner has failed to provide any facts to support her claim that she is entitled to equitable tolling. For example, Petitioner has failed to describe the actions of her counsel that she claims excuses the untimely filing of her habeas petition and entitles to her to equitable tolling. In addition, she has failed to described what efforts she made to diligently pursue her rights. Consequently,

4

absent any proof of extraordinary circumstances and due diligence, Petitioner cannot satisfy her burden of demonstrating that equitable tolling would be appropriate in her case. The petition simply presents no explanation for Petitioner's failure to file a timely habeas petition. Therefore, neither statutory nor equitable tolling of the limitations period is available to Petitioner and her habeas corpus petition will be **DISMISSED** as untimely under 28 U.S.C. § 2244(d)(1)(A).

**II.     Conclusion**

In summary, the time for filing a § 2254 petition in Petitioner's case expired on November 27, 2007. Since Petitioner's § 2254 petition was filed on May 20, 2010, it is time-barred by the statute of limitations because neither statutory nor equitable tolling of the limitations period is available to Petitioner.

Accordingly, Respondent's motion to dismiss will be **GRANTED** [Court File No.5] and Petitioner's petition for writ of habeas corpus will be **DISMISSED** as time-barred [Court File No. 2].

An appropriate judgment will enter.

**/s/**
**CURTIS L. COLLIER**
**CHIEF UNITED STATES DISTRICT JUDGE**